## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | |
|---|---|
| KEITH H. HENDERSON, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | Civil Action No. 3:20-cv-3597 |
| § | |
| ATLANTA POSTAL CREDIT UNION, § | With Jury Demand Endorsed |
| § | |
| Defendant. § | |

## **COMPLAINT**

TO THE HONORABLE UNITED STATES DISTRICT COURT JUDGE:

Plaintiff Keith H. Henderson ("Plaintiff"), by and through counsel, for his Complaint against Defendant Atlanta Postal Credit Union ("Defendant"), states as follows:

### I. INTRODUCTION

1. Defendant engaged in willful, malicious, deceptive, and harassing actions against Plaintiff in furtherance of its efforts to illegally collect from him a debt that was included in his bankruptcy case. Defendant, after Plaintiff's debt had been discharged, filed suit to collect the debt plus costs, interest, and attorney fees.

2. Specifically, Plaintiff claims Defendant violated: 1) Tex. Fin. Code § 392.001 *et seq.*, known as the Texas Debt Collection Act ("TDCA"); 2) the common law prohibiting invasion of privacy; and 3) the discharge injunction of the United States Bankruptcy Court for the Northern District of Texas, Dallas Division. Plaintiff seeks to recover from Defendant actual, statutory, and punitive damages, and legal fees and expenses.

## II. PARTIES

3. Plaintiff is a natural person residing in Collin County, Texas and a "consumer," as defined by the TDCA, Tex. Fin. Code § 392.001(1).

4. Defendant Atlanta Postal Credit Union is a foreign credit union that may be served by delivering a summons to its President and CEO, Charles Head, 3900 Crown Road, Atlanta, GA 30380-0001.

5. Defendant is a "is a "creditor," "debt collector," and/or "third-party debt collector" under the TDCA, Tex. Fin. Code §§ 392.001(3)(6) and (7).

6. The debt Defendant is attempting to collect from Plaintiff was a "consumer debt," as defined by Tex. Fin. Code § 392.001(2).

## III. JURISDICTION AND VENUE

7. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331, 1334 and 1367.

8. Venue is proper this district because Plaintiff filed his bankruptcy case in this district and a some of the conduct complained of occurred in this district.

## IV. FACTUAL ALLEGATIONS

**A.  The Inclusion and Discharge of the Subject Debt in Plaintiff's Bankruptcy Case**

9. On October 10, 2019, Plaintiff filed Chapter 7 bankruptcy in case number 19-33415-sgj7 (the "Bankruptcy Case") in the Northern District of Texas Bankruptcy Court, Dallas Division (the "Bankruptcy Court").

10. On Schedule F," filed with his bankruptcy petition, Plaintiff listed Atlanta Postal Credit Union as a nonpriority unsecured creditor, owing the amount of $2,391.00, with an account number ending in 5564 (the "Account").

11. A true and correct copy of relevant portions of Plaintiff's Schedule "F" is attached hereto as Exhibit "A."

12. On or about October 13, 2019, the Bankruptcy Noticing Center for the Bankruptcy Court sent a copy of the "Notice of Chapter 7 Bankruptcy Case, Meeting of Creditors and Deadlines" ("341 Notice") to Defendant, by first class mail. The 341 Notice warned all creditors, in conspicuous language, against violating the automatic stay imposed by 11 U.S.C. § 362. The United States Postal Service did not return the 341 Notice sent to Defendant, creating a presumption it was received by Defendant.

13. On January 23, 2020, the Bankruptcy Court issued an order granting Plaintiff a discharge ("Discharge Order"). The Discharge Order followed Official Form 318, including the explanatory language contained therein. The Discharge Order discharged Plaintiff from any liability for the debt created by the Account. Included with the Discharge Order was an explanation of the general injunction prohibiting any attempt to collect discharged debts, warning all creditors, in conspicuous language, that "**Creditors cannot collect discharged debts**" and that "Creditors cannot contact the debtors by mail, phone, or otherwise in any attempt to collect the debt personally. Creditors who violate this order can be required to pay debtors damages and attorney's fees."

14. On January 26, 2020, the Bankruptcy Noticing Center mailed a copy of the Discharge Order to Atlanta Postal Credit Union by first class mail. This mailing, which was not returned, constituted notice to Atlanta Postal Credit Union of the discharge granted in Plaintiff's Bankruptcy Case and the replacement of the automatic stay of 11 U.S.C. § 362 with the discharge injunction imposed by 11 U.S.C. § 524(a).

15. A true and correct redacted copy of the Discharge Order is attached hereto as Exhibit "B."

16. At no time during the pendency of Plaintiff's Bankruptcy Case did Defendant or any other person or entity object to or dispute the details or completeness of the claim regarding the Account listed on Schedule "F" to Plaintiff's bankruptcy petition.

17. At no time did Plaintiff reaffirm the debt on the Account with any person or entity.

18. At no time did the Bankruptcy Court declare the debt on the Account to be non-dischargeable.

**B.  After the Discharge of the Debt In Plaintiff's Bankruptcy Case, Defendant Attempted To Collect The Debt From Plaintiff by Filing a Lawsuit To Force Payment.**

19. On October 5, 2020, following the entry of the Discharge Order of January 23, 2020, Defendant engaged in prohibited debt collection activity against Plaintiff on the Account by filing a Complaint (the "Complaint") in the Superior Court of Gwinnett County, State of Georgia (the "State Court") in case number 20-A-06653-2 seeking a judgment compelling payment of the Account. In the Complaint, Defendant made material misrepresentations to Plaintiff and the State Court that Plaintiff owed a debt to Defendant and was liable for interest, attorney's fees and costs when the Account was no longer collectible due to the bankruptcy discharge injunction in effect.

20. A true and correct redacted copy of the Summons and Complaint are attached hereto as Exhibit "C."

21. In late October 2020, Defendant caused a Sheriff's Deputy to attempt service of the Complaint on Plaintiff at his mother's address in Georgia. Plaintiff's mother immediately contacted Plaintiff and advised him of the Complaint and her shock and dismay at being confronted by the Sheriff's Deputy. Plaintiff suffered great humiliation, fear, and distress at the news and continues to worry and fear the impact the lawsuit will have on him, his credit and his relationship with his mother and family.

## V. GROUNDS FOR RELIEF - COUNT I

### TEXAS FINANCE CODE – TEXAS DEBT COLLECTION ACT (TDCA)

22.   Plaintiff repeats, re-alleges, and incorporates by reference all the above Paragraphs as if fully rewritten here.

23.   Defendant has violated the Texas Finance Code in numerous ways, including, but not limited to, the following:

   a)   Tex. Fin. Code § 392.301(a)(8) prohibits Defendant from taking an action prohibited by law. Inasmuch as: 1) the bankruptcy discharge injunction prohibits anyone from attempting to collect debts included or discharged in bankruptcy *in personam*; 2) the common law protects Plaintiff's privacy rights; Defendant's actions against Plaintiff violated the TDCA;

   b)   Tex. Fin. Code § 392.304(a)(8) prohibits misrepresenting the character, extent, or amount of Plaintiff's debt. Defendant misrepresented to Plaintiff and the State Court in the Complaint that the Account, which had been discharged, was past due and owing; these were misrepresentations of the character, extent or amount of the subject debt, in violation of the TDCA; and

   c)   Tex. Fin. Code § 392.304(a)(19) prohibits Defendant's use of false representations or deceptive means to collect a debt, for the reasons stated in the preceding paragraphs (a and b); Defendant intentionally tried to coerce or deceive Plaintiff into paying the debt by filing suit while Defendant knew the Account was discharged in Plaintiff's bankruptcy, rendering the debt legally uncollectible from Plaintiff *in personam*.

24.   Under Tex. Fin. Code Ann. § 392.403, Defendant's actions make it liable to Plaintiff for actual damages, statutory damages, injunctive relief, costs, and reasonable attorney's fees. Also, Plaintiff's injuries resulted from Defendant's malice, actual fraud and/or willful and intentional misconduct, entitling Plaintiff to punitive damages.

25.   Because of Defendant's conduct, Plaintiff was forced to hire counsel to pursue this action, and Plaintiff's recoverable damages include his reasonable attorney's fees incurred in prosecuting this claim.

## VI. GROUNDS FOR RELIEF - COUNT II

### INVASION OF PRIVACY

26. Plaintiff repeats, re-alleges, and incorporates by reference all the previous Paragraphs above, as if rewritten here in their entirety.

27. At all pertinent times, Plaintiff had a reasonable and lawful expectation not to be contacted and harassed by Defendant during the bankruptcy and post-discharge. The Defendant had no legal justification for filing the Complaint and having the Sheriff attempt to serve him at his mother's address after a discharge had been granted. Thus, Defendant's filing of the Complaint and contacting Plaintiff's mother while trying to personally serve it, were invasions of Plaintiff's privacy rights. These wrongful acts of Defendant caused injury to Plaintiff.

28. Defendant's wrongful acts were invasions of Plaintiff's privacy rights and caused him extreme mental distress when the Sheriff's Deputy tried to serve him at his mother's address with the Summon and Complaint. In addition to the shock and humiliation he felt from finding out from his mother that the Sheriff was trying to serve him, he suffered extreme mental anguish, fear that he might suffer damage to his credit and have to pay an attorney to defend himself hundreds of miles away in another state, and loss of time and inconvenience. Plaintiff's injuries resulted from Defendant's malice, which entitles Plaintiff to exemplary damages under Texas Civil Practice and Remedies Code §41.003(a).

## VII. GROUNDS FOR RELIEF- COUNT III

### VIOLATION OF THE DISCHARGE INJUNCTION

29. Plaintiff repeats, re-alleges, and incorporates all previous paragraphs above as if set forth herein in their entirety.

30. At all material times, Defendant had actual knowledge of Plaintiff's Bankruptcy Case and of the discharge of the debt on the Account.

31. Defendant attempted to collect from Plaintiff personally on the discharged debt or to get Plaintiff to take action to benefit the Defendant, as evidenced the filing of the Complaint in the State Court to collect the Account.

32. Defendant's actions were willful acts in furtherance of its efforts to collect the discharged debt from Plaintiff, in violation of the discharge injunction imposed by 11 U.S.C. § 524(a).  Further, Defendant's acts were harassing and attempts to coerce and deceive Plaintiff to pay the discharged debt.  Defendant's failure to comply with the aforesaid laws, despite Defendant being on notice of Plaintiff's Bankruptcy Case and discharge and the effect of Plaintiff's discharge, illustrates Defendant's utter contempt for federal law and the discharge injunction.

33. The actions of Defendant constitute harassment and coercive and/or deceptive actions taken to collect a discharged debt from Plaintiff, in gross violation of the discharge injunction imposed by 11 U.S.C. § 524(a)(1)-(3).

34. Defendant knowingly and willfully violated the orders and injunctions of the Bankruptcy Court issued in the bankruptcy filed by Plaintiff.  After this prima facie showing by Plaintiff, the duty falls on Defendant to show, as its only defense, a present inability to comply with the orders and injunctions of the Bankruptcy Court, which inability must go beyond a mere assertion of inability.  Failing a showing by Defendant of its present inability to comply with the orders and injunctions of the Bankruptcy Court, Plaintiff must prevail on his claims, and Defendant must be held liable for knowingly and willfully violating the orders and injunctions of the Bankruptcy Court.  Any defense put forth by Defendant in this proceeding can only constitute a good faith exception, as no other reasonable explanation can be made for the conduct and actions of Defendant.  Any allegation of a good faith exception should not be allowed.

35. Specifically, Defendant violated the part of the Bankruptcy Court's Discharge Order issued pursuant to 11 U.S.C. § 524(a)(2) that "operates as an injunction against the

commencement, or continuation of an action, the employment of process, or an act, to collect, recover or offset any such debt as a personal liability of the debtors, whether or not the discharge of such debt is waived ..."

36. There are no exceptions under 11 U.S.C. § 524, other provisions of the United States Bankruptcy Code, or other applicable law that would permit Defendant's conduct, which was in blatant disregard of the discharge injunction.

37. The orders and injunctions of the Bankruptcy Court cannot be waived, except by way of a properly filed and approved reaffirmation agreement, motion, stipulation or complaint, none of which occurred here. No waiver of the orders or injunctions of the Bankruptcy Court has occurred.

38. Also, there is no requirement of mitigation on the part of Plaintiff that is relevant to Defendant's violations of the orders and injunctions of the Bankruptcy Court. Any burdening of Plaintiff with an obligation to police the misconduct of Defendant would be a complete derogation of the law. It is well-settled that each party to an injunction or order of the Court is responsible for ensuring its own compliance with the injunction or order and for bearing the cost of compliance. Any attempt by Defendant to mount such a defense would constitute a collateral attack on the injunctions and orders of the Bankruptcy Court in this proceeding, which is prohibited. Any such defense put forth by Defendant in this case can only constitute a claim of mitigation, as no other reasonable explanation can be made for the conduct and actions of Defendant. No defense of failure to mitigate should be allowed.

39. Plaintiff has been injured and damaged by Defendant's actions, and Plaintiff is entitled to recover judgment against Defendant for actual damages and punitive damages, plus an award of costs and reasonable attorney's fees, for Defendant's violations of 11 U.S.C. § 524 and pursuant to the Court's powers under 11 U.S.C. § 105.

### VIII. VICARIOUS LIABILITY / *RESPONDEAT SUPERIOR*

40.     Plaintiff will be able to show, after reasonable discovery, that all actions at issue were taken by employees, agents, servants, or representatives, of any type, for Defendant, the principal, within the line and scope of such individuals' (or entities') express or implied authority, through employment, agency, or representation, which imputes liability on Defendant for all such actions under the doctrine of *respondeat superior* and/or vicarious liability.

### IX. DAMAGES

41.     In addition to any damages previously stated hereinabove, the conduct of Defendant has proximately caused Plaintiff past and future monetary loss; past and future mental distress, emotional anguish and a discernable injury to Plaintiff's emotional state; and other damages, evidence for all of which will be presented to the jury. Moreover, dealing with the consequences of Defendant's actions has cost Plaintiff time and mental energy, which are precious to him.

42.     At all relevant times, Defendant knew, and it continues to know, that, pursuant to a discharge order granted by a U.S. Bankruptcy Court, discharged debts are no longer legally collectible, but Defendant made a corporate decision to act knowingly, willfully, maliciously, and contrary to its knowledge of bankruptcy law, to attempt to collect on the debt it knew had been discharged as a result of Plaintiff's Bankruptcy Case. Defendant had no right to engage in any of its actions at issue.

43.     Plaintiff believes that, after reasonable discovery in this case, he will be able to show that all actions taken by, or on behalf of, Defendant were conducted maliciously, wantonly, recklessly, intentionally, knowingly, and/or willfully, with the desire to harm Plaintiff, with the actual knowledge that such actions were in violation of the law.

44.     Plaintiff believes that, after reasonable discovery, he will be able to show that Defendant has been involved in numerous disputes involving complaints about the type of conduct

at issue here; nevertheless, Defendant, intentionally and knowingly, has refused to correct its policies and comply with applicable laws, of which laws it is well-aware.

45.     Plaintiff believes that, after reasonable discovery, he will be able to show that Defendant has engaged in a pattern and practice of wrongful and unlawful behavior, in accordance with its established policies and procedures, with respect to knowingly, willfully, intentionally, and maliciously attempting to collect on debts discharged in bankruptcy.  Accordingly, Defendant is subject to punitive damages, statutory damages, and all other appropriate measures necessary to punish and deter similar future conduct by Defendant.  Moreover, Plaintiff's injuries resulted from Defendant's malice, and/or willful and intentional misconduct, entitling Plaintiff to punitive damages.

46.     Plaintiff believes that, after reasonable discovery, he will be able to show that Defendant's actions at issue were part of Defendant's illegal design, implemented in its policies and procedures, to profit by harassing unsophisticated debtors and collecting debts that had been included and discharged in the debtors' respective bankruptcy cases.

47.     Due to Defendant's conduct, Plaintiff was forced to hire counsel, and his damages include reasonable attorney's fees incurred in prosecuting his claims.

WHEREFORE, PREMISES CONSIDERED, Plaintiff Keith H. Henderson prays the Court:

A.     Enter judgment in favor of Plaintiff and against Defendant for statutory damages, actual damages, costs, and reasonable and necessary attorney's fees for Defendant's violations of the TDCA, Plaintiff's privacy rights, and the discharge injunction;

B.     Find that appropriate circumstances exist for an award of punitive damages to Plaintiff;

C.     Award Plaintiff pre-judgment and post-judgment interest as allowed by law; and

    D.    Grant such other and further relief, in law or equity, to which Plaintiff might show he is justly entitled.

Respectfully submitted,

*/s/ James J. Manchee*
James J. Manchee
State Bar Number 00796988
jim@mancheelawfirm.com

MANCHEE & MANCHEE, PC
5048 Tennyson Parkway, Suite 250
Plano, Texas 75024
(972) 960-2240 (telephone)
(972) 233-0713 (fax)

COUNSEL FOR PLAINTIFF

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable.

| | |
|---|---|
| December 9, 2020 | */s/ James J. Manchee* |
| Date | James J. Manchee |

-11-